OPINION
{¶ 1} Defendant-appellant Waldo Miller appeals from his sentence of seventeen months, which was ordered as a result of his conviction for assaulting a police officer.
 {¶ 2} Miller's sole Assignment of Error is as follows:
 {¶ 3} "The trial court erred to defendant's prejudice by sentencing defendant to a term of imprisonment over and above the statutorily prescribed minimum sentence."
 {¶ 4} In his brief, Miller argues that the trial court erred by imposing more than a minimum sentence without stating the finding(s) required by R.C. § 2929.14(B)(2) upon the record in open court, in the presence of the defendant, in accord withState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. The State confessed error in this regard, noting that although the trial court made the necessary finding in its journal entry, the finding was not made at the sentencing hearing. Nevertheless, after reviewing the transcript of the sentencing hearing, we asked the parties to brief the issue of whether Miller waived any error in his sentencing. The State filed a supplemental brief; Miller did not. The issue is now before us for review.
 {¶ 5} Both parties recognize that "pursuant to R.C. §2929.14(B), when imposing a non-minimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." See, Comer, supra. However, it is also true that "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."State v. Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus, citation omitted. See, also,State v. Awan (1986), 22 Ohio St.3d 120, 122, 489 N.E.2d 277, citations omitted.
 {¶ 6} The transcript of the sentencing hearing includes the following:
 {¶ 7} "THE COURT: Sentence is 17 months to the Ohio Department of Corrections. Defendant can appeal the sentence to prison and imposition of more than the minimum sentence.
 {¶ 8} "The reasons for imposing prison and more than theminimum will be set forth in the sentencing journal entry. The reasons include the Defendant's extensive juvenile record, his adult record when he was bound over as a juvenile, his failure to successfully complete supervision in his prior felony case, the fact that he was placed in a residential rehabilitation program in the previous case, the fact that he violated supervision at least twice in the previous case, the fact that the Court in the county of Champaign invested one year's time and money and efforts in an attempt to rehabilitate which attempts were unsuccessful. We tried a number of things at the local level to assist you in learning to live as a responsible adult, and it hasn't been successful.
 {¶ 9} "Attorney Marshall is appointed for purposes of appeal, and the Court finds that the Defendant is indigent. Attorney Marshall is charged with the responsibility of filing a timely notice of appeal.
 {¶ 10} "The fine is $300.
 {¶ 11} "Does the State want anything else from this hearing?
 {¶ 12} "MR. SELVAGGIO: No.
 {¶ 13} "THE COURT: Thank you. Does the Defense?
 {¶ 14} "MR. MARSHALL: Am I also, Your Honor, to prepare the — am I to follow the appeal through to its conclusion?
 {¶ 15} "THE COURT: I'm sorry?
 {¶ 16} "MR. MARSHALL: Am I to follow the appeal through to its conclusion? Am I to file a brief and that kind of thing?
 {¶ 17} "THE COURT: If the Defendant chooses to have an appeal filed and if he chooses to have you represent him and if you choose to accept that. If you decline to accept or if he doesn't choose to appeal or he doesn't select you, then you would not be required to.
 {¶ 18} "MR. MARSHALL: Okay. Thank you.
 {¶ 19} "THE COURT: Did that respond to your question?
 {¶ 20} "MR. MARSHALL: Yes.
 {¶ 21} "THE COURT: Thank you. That will be all then."
 {¶ 22} (Emphasis added).
 {¶ 23} The italicized statements of the trial court in the above-quoted portions of the transcript show that the trial court made Miller aware of its intention to put its finding supporting the imposition of more than the minimum sentence into the sentencing entry. They also demonstrate that the trial court afforded Miller an opportunity to object to the manner in which the trial court was proceeding, or to otherwise indicate to the trial court that some further action by the trial court at the sentencing hearing was requested. Notwithstanding this opportunity, Miller failed either to object or to point out the trial court's error. Under these circumstances, we conclude that Miller waived any sentencing error by his failure to bring that error to the attention of the trial court during the sentencing hearing, when it could have easily been corrected.
 {¶ 24} Furthermore, we cannot find plain error in this case. Miller's sentence is within the range authorized by law. Moreover, even though the trial court, at the sentencing hearing, reserved the statutory findings for the judgment entry, the trial court did explain at the hearing the factual reasons that would support its finding. We find no reason to conclude that Miller's sentence would have been different had the finding actually been made at the hearing. We also have no reason to conclude that the sentence would change if this cause were to be remanded. Absent plain error, we need not consider issues that were waived in the trial court below.
 {¶ 25} Miller's sole assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.
 {¶ 26} It is so ordered.
Grady and Young, JJ., concur.