OPINION
{¶ 1} Jason R. Robinson appeals from a judgment of the Champaign County Court of Common Pleas, which imposed a term of imprisonment upon his second violation of community control sanctions.
 {¶ 2} In October 2001, Robinson was indicted for breaking and entering and four counts of theft. In 2002, he pled guilty to breaking and entering and one count of theft pursuant to a plea agreement. He was sentenced to community control sanctions for a period of three years, with the stipulation that he would receive a prison sentence of twelve months on each count, to be served consecutively, if he violated community control.
 {¶ 3} In September 2003, Robinson was ordered to appear for a community control violation hearing. Following the hearing, the court found that a violation had occurred because Robinson had been convicted of another theft offense and had been removed from a homeless shelter for selling prescription medication. The court continued community control sanctions but ordered Robinson to complete a program at Pathfinder Halfway House. In April 2004, the court was notified that Robinson had "absconded from Pathfinders" and his whereabouts were unknown. After conducting another hearing, the court revoked the community control sanctions and sentenced Robinson to ten months for each offense, to be served consecutively, for a total period of confinement of twenty months.
 {¶ 4} Robinson raises one assignment of error on appeal.
 {¶ 5} "The sentencing court erred in failing to adhere to the mandates of orc section 2929.19 at the sentencing hearing(s)."
 {¶ 6} Robinson claims that his sentence must be reversed because, at his sentencing hearing in 2002, the trial court failed to inform him of the consequences of certain violations of prison rules, of the possibility of post-release supervision, and of the consequences of a violation of post-release supervision. He asserts that the trial court also erred in failing to discuss with him the consequences of violating his community control.
 {¶ 7} Robinson's claim that the trial court should have addressed the provisions set forth in R.C. 2929.19(B)(3), which related to the imposition of a prison term, at his sentencing hearing in 2002 is without merit because the court did not impose a prison term at that time.
 {¶ 8} The provisions related to a sentence of community control sanctions are set forth at R.C. 2929.19(B)(5). R.C.2929.19(B)(5) required that Robinson be notified that, if he violated the terms of community control or any law, or left the state without permission, the court could impose a longer term under the same sanctions, more restrictive sanctions, or a prison term. It also required the court to inform Robinson of the length of the potential prison term. The court informed Robinson at the sentencing hearing of the possibility of a prison term for a violation of community control and that he would serve twelve months on each count, consecutively, if a prison term was imposed. The court did not expressly inform Robinson of the provisions relating to more lengthy or restrictive community control sanctions at the sentencing hearing, although it included this information in its judgment entry.
 {¶ 9} Robinson relies on several cases decided subsequent to his 2002 sentencing hearing for the proposition that the trial court erred in failing to inform him of all the possible ramifications of a violation of community control. See State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; Statev. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 4746; and State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864. In these cases, the supreme court required strict compliance with the provisions of R.C. 2929.19(B)(5) at thesentencing hearing. See Comer at ¶ 20, Brooks at ¶ 17. Although none of these cases involved the omission of the specific information at issue herein — the less serious consequences (than prison) of a community control violation — we are bound by the language of these cases to conclude that the trial court was required to provide this information at thesentencing hearing, and that it erred in failing to do so.
 {¶ 10} We are unpersuaded, however, that Robinson suffered any prejudice as a result of the trial court's error. The trial court informed Robinson about the most significant consequence of a community control violation: the possibility of imprisonment and its term. It is very unlikely that information about less serious consequences would have had an impact on Robinson's behavior if the threat of prison did not persuade him to comply with the terms of community control.
 {¶ 11} More importantly, when Robinson was found to have committed his first community control violation in September 2003, the court imposed a more restrictive term of community control — one of the options about which he had not been informed at the sentencing hearing. If he was prejudiced at all, it was by the imposition of this sanction about which he had not been previously informed. However, Robinson did not object to or appeal from that judgment.
 {¶ 12} In our view, it would be illogical to permit Robinson to challenge, at this juncture, the trial court's failure to inform him in 2002 that he might face more restrictive or more lengthy community control sanctions for a violation. When he was sentenced to more restrictive sanctions in 2003, he did not object to the imposition of that sanction in the trial court or on appeal. That would have been the time to raise the alleged error. We will not vacate his sentence now, when the court has imposed a prison sentence, the possibility of which he had been fully informed. Thus, Robinson has waived the alleged error related to R.C. 2929.19(B)(5).
 {¶ 13} Robinson also argues that the trial court failed to comply with R.C. 2929.19(B)(3) related to the imposition of a prison term at his sentencing hearing in September 2004 when he was, in fact, sent to prison. R.C. 2929.19(B)(3) required the trial court to inform Robinson of factors such as the parole board's authority to extend his prison term for certain violations of prison rules and the fact that he would be supervised after leaving prison. The state admits that Robinson was not informed of these facts at the 2004 sentencing hearing. The state argues, however, that vacating the sentence and remanding for resentencing is unnecessary because Robinson failed to object to the procedure employed by the trial court. The state relies on State v. Miller, Champaign App. No. 2003-CA-6, 2004-Ohio-2743, in support of this argument.
 {¶ 14} The facts in Miller are not analogous to the case at hand. In Miller, the defendant argued that the trial court had failed to make the statutorily required findings at the sentencing hearing for imposing a non-minimum sentence on a first offender. The trial court had stated at the hearing:
 {¶ 15} "The reasons for imposing prison and more than the minimum will be set forth in the sentencing journal. The reasons include the Defendant's extensive juvenile record, his adult record when he was bound over as a juvenile, his failure to successfully complete supervision in his prior felony case, the fact that he was placed in a residential rehabilitation program in the previous case, the fact that he violated supervision at least twice in the previous case, the fact that the Court in the county of Champaign invested one year's time and money and efforts in an attempt to rehabilitate which attempts were unsuccessful. We've tried a number of things at the local level to assist you in learning to live as a responsible adult, and it hasn't been successful."
 {¶ 16} The court then asked each of the parties whether they "want[ed] anything else from this hearing?" Neither party asked the court to elaborate on its reasons or objected to the use of the judgment entry for that purpose.
 {¶ 17} Our response to the defendant's argument in Miller
was two-fold. We observed that the trial court had made the defendant aware of its intention to put its findings supporting the imposition of more than the minimum sentence into the judgment entry and had afforded him an opportunity to object or to request further action. In failing to avail himself of this opportunity, we concluded that Miller had waived any sentencing error by failing to bring it to the attention of the court. We also concluded that, "even though the trial court * * * reserved the statutory findings for the judgment entry, the trial court did explain at the hearing the factual reasons that would support its finding."
 {¶ 18} Although Miller and Robinson's case involved the similar posture of requiring the trial court to make certain findings at the sentencing hearing, the comparison ends there. The court in Miller did state facts supporting the requisite findings at the hearing, although it professed its intention to elaborate on them in the judgment entry. Here, the trial court did not state the required information at the sentencing hearing. Moreover, the Miller court informed the parties of its intention to make findings in the judgment entry, and the defendant did not object. In our view, the finding of waiver under the facts presented in Miller does not stand for the proposition that defendants must, as a matter of course, invoke the requirements set forth in the sentencing provisions of R.C.2929.19 by objecting to their omission, as the state suggests. The trial court erred in failing to inform Robinson at sentencing of the factors set forth at R.C 2929.19(B)(3).
 {¶ 19} The assignment of error is sustained in part and overruled in part.
 {¶ 20} The judgment of the trial court sentencing Robinson to prison will be vacated, and this matter will be remanded for resentencing in accordance with R.C. 2929.19(B)(3).
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).